**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
LUIS SUAREZ, et al.,

                Plaintiffs,         **MEMORANDUM AND ORDER**

      - against -

                                08-CV-2984 (CPS) (JO)

S&A PAINTING &
RENOVATION CORP., et al.,

                Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Luis Suarez and Alfred Sepulveda ("Sepulveda"), the plaintiffs in this putative collective action under the Fair Labor Standards Act ("FLSA"), seek an order pursuant to 29 U.S.C. § 216(b) authorizing the plaintiffs to send a notice and "opt-in" form to all prospective members of their putative class, and they also seek to compel the defendants to produce discovery to assist in the circulation of such a notice to appropriate recipients. *See* Docket Entry ("DE") 12. For the reasons set forth below, I grant the motion.

      An employee alleging violation of the overtime provisions of the FLSA may bring an action on behalf of himself and others similarly situated. 29 U.S.C. § 216(b). Those similarly situated employees who wish to become plaintiffs in the action (and, consequently, who will be bound by its result) must affirmatively, and explicitly, act to join it: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*[1] In order to facilitate

---

[1] The requirement of written consent applies to each individually-named plaintiff. As a result, notwithstanding the fairly obvious inference of consent to sue that could normally be drawn from a plaintiff's affirmative act of filing suit, the case law holds that a plaintiff who does not timely file an explicit statement of consent to join in his own lawsuit risks dismissal or the limitation of otherwise available damages. *El v. Potter*, 2004 WL 2793166, at *8 ("*all plaintiffs, including named plaintiffs*, must file written consents in order to begin their [FLSA collective action]

the joining of other plaintiffs, the plaintiff commencing the action may seek to take certain steps to alert those other potential plaintiffs of the action's pendency and their opportunity to join it.

A court, in its discretion, may direct the employer-defendant to disclose to the plaintiff the names and addresses of additional potential plaintiffs and may order the plaintiff to provide notification to those individuals. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989); *Braunstein v. E. Photographic Lab., Inc.,* 600 F. 2d 335, 336 (2d Cir. 1979). The threshold issue in determining whether such "opt-in" notice should be authorized is whether other employees to whom such notice might be sent are "similarly situated." *Hoffmann v. Sbarro,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

Although neither the FLSA nor its implementing regulations defines the term "similarly situated," a plaintiff seeking to prosecute a collective action need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citations omitted). This burden "is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.' " *Id.* Nevertheless, a complaint's inclusion of nothing more than conclusory allegations is insufficient. *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006). A plaintiff must also allege some factual nexus between himself and

---

lawsuits") (emphasis added); *see also Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1132-1133 (D. Nev. 1999) (collecting cases). I note that neither of the named plaintiffs in this action has explicitly asserted such consent in the Complaint, nor has either of them filed a notice of consent. Accordingly, it is at least arguable – although the defendants, to their credit, do not argue it, *see* DE 11 (letter in opposition) – that the named plaintiffs do not have standing to file the instant motion because neither has yet consented to be part of the collective action he sought to initiate by filing the Complaint. On the assumption that each named plaintiff will promptly act to preserve his rights by filing the necessary statement of consent, I will determine the instant motion on its merits.

other similarly situated employees. *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008). In general, a plaintiff need only show that, to the best of his knowledge, he and other employees were together the victims of the same policy or plan. *Sobczak v. AWL Indus.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007).

In opposing the present motion, the defendants cite several cases in which courts denied motions for similar relief. DE 11 at 2.[2] Having reviewed those decisions and others, I nevertheless remain satisfied that the plaintiffs have made a sufficient showing to warrant the relief they seek. In *Morales*, the plaintiffs failed to submit any evidence at all to support their motion. 2006 WL 278154 at *3; *see also Prizmic v. Armour, Inc.*, 2006 WL 1662614 (E.D.N.Y. June 12, 2006). In *Mendoza*, the named plaintiffs failed to allege any nexus between the named plaintiffs and the other putative class members. 2008 WL 938584, at *2.

The instant motion suffers from neither of those defects. Plaintiff Sepulveda has submitted an affidavit asserting that he worked with "no less than 150 workers," most of whom performed tasks similar to his own. Sepulveda Aff. ¶ 3 (attached to DE 12). In particular, Sepulveda provides the names of eight such colleagues "who [sic] [he] spoke with or heard complaints [sic] regarding [his] Employer's failure to pay overtime." *Id*. Although that statement is semantically amenable to a reading that Sepulveda himself was the only worker not receiving overtime as required under the FLSA, I believe it is clear that he intended to indicate that at least some of the persons he listed had complained that they too were improperly denied overtime payments. That reading is not only more natural in the context of these proceedings,

---

[2] The defendants' letter in opposition to the plaintiffs' motion was incorrectly filed as a motion in its own right. As the defendants seek no affirmative relief, but only the denial of the plaintiffs' motion, I will enter an order denying their "motion."

but it is also consistent with Sepulveda's later assertion that "[m]any of [his] co-workers are non-English speaking immigrants who did not know that *they should have been paid overtime wages*." Sepulveda Aff. ¶ 8 (emphasis added). Sepulveda's ability to identify specific co-workers who knew enough to complain about unpaid overtime wages, as well as his allegation of the existence of "many" others who "should have been paid overtime wages" but did not know enough to complain, provides significant support for the instant motion. *Compare Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) (approving collective action and mailing of notice where plaintiff identified similarly situated employees by name) *with Jian Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 631 (S.D.N.Y. 2007) (denying approval of collective action where plaintiff "neither generally nor specifically name[d] or reference[d] any other plaintiffs").

The plaintiffs have plainly satisfied the relatively low standard needed to warrant the circulation of a collective action notice to those who might have a similar claim under the FLSA, and I therefore grant that aspect of their motion. In doing so, I emphasize that I am not making any determination that any other persons are in fact eligible to join this action; the defendants retain the right to contest the issue of eligibility and seek appropriate relief if and when any new plaintiff files a written consent to join the action. *See Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp.2d 91, 96 (citation omitted); *see also Rodolico v. Unisys Corp.,* 199 F.R.D. 468, 484 (E.D.N.Y. 2001) ("the Court has discretion to create subclasses or to dismantle the collective action").

Having granted leave to circulate the notice of pendency, I also believe it is appropriate to ensure that the plaintiffs have sufficient information about the names and addresses of

potential plaintiffs so that they can effectively circulate the notice to those whose rights are at stake.[3] Accordingly, I grant the plaintiffs' motion for an order compelling the defendants to provide them with the names and addresses of all employees who performed work similar to that performed by the named plaintiffs during the three year period preceding the date of this order.[4]

For the reasons set forth above, I grant the plaintiffs' motion to circulate a notice to prospective plaintiffs of the pendency of the FLSA claims, and I further grant the application to compel the defendants to produce information necessary to provide such notification to all persons who may be eligible to join in those claims. The parties shall confer and submit a joint proposed notice (including competing proposals for specific portions of the notice as to which

---

[3] Although the plaintiffs' similarly situated colleagues will not be bound by the results of the FLSA claim if they do not join the suit, their rights to pursue related claims under state law may be determined in this action if the plaintiffs succeed in certifying a class action for purposes of such state claims. Moreover, the timing of the filing of a written consent to join this action will affect the extent to which any plaintiff joining the lawsuit may seek to recover damages.

[4] I recognize that there may be significant overlap between the class of persons to whom the notice authorized above should be provided and the members of the putative class on whose behalf the plaintiffs have asserted their claims under state law. I also recognize that the applicable limitations period for the latter claims is six years rather than the maximum three-year period under the FLSA. Nevertheless, because the two claims are distinct and because I am not authorized to certify a class action, *see* 28 U.S.C. § 636(b)(1)(A), there is no basis for me to order discovery that would be needed only to notify former employees of the defendants who would be eligible for membership in the putative class under the state law claims because they were employed more than three years ago but within the last six years.

they cannot reach agreement) by December 5, 2008, and the defendants shall provide the discovery ordered above no later than December 12, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
      November 21, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge